Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, P.C., *Of Counsel*
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| TOM OWENS, an individual, & <br> JERRY WHELCHEL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COMPLETE ROOFING, LLC, an Oregon Limited Liability Company, and Les Martin, an individual, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **Claims for violations of Overtime Compensation and Minimum Wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207, 216(b), et seq.; Claims for violations of State law Overtime and Minimum Wage Provisions; State law Claim for Unpaid Wages due and Owing Upon Termination of Employment, ORS 652.140, ORS 652.150, ORS 652.220, ORS 653.025, ORS 653.055, ORS 653.261, et seq.;** <br><br> **(Demand for Jury Trial)** |

Page **1** of **15** – Complaint

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Plaintiff alleges:

## PRELIMINARY STATEMENT

1.

Plaintiffs Tom Owens (hereinafter referred to as "Owens") and Jerry Whelchel (hereinafter referred to as "Whelchel) (hereinafter collectively referred to as "plaintiffs") assert claims for wage and hour violations, including overtime compensation violations, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, 216(b), et al. Plaintiffs also assert claims for wage and hour violations, including overtime compensation and failure to timely pay wages due and owing upon termination of employment violations, under state law, ORS 652.140, ORS 652.150, ORS 653.261, et al. Plaintiffs demand a jury trial. The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' state law claims are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

Page **2** of **15** – Complaint

**JON H. WEINER**, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Washington County, Oregon. Plaintiffs are residents of Hillsboro, Oregon. Defendant Complete Roofing, LLC is an Oregon Limited Liability Company with its principal place of business located in Washington County, Oregon.

4.

At all times relevant, Complete Roofing, LLC employed plaintiffs at its principal location in Hillsboro, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Washington County.

## FACTUAL ALLEGATIONS

5.

During the term of plaintiffs employment with Complete Roofing, LLC (hereinafter referred to as "Complete Roofing") all of their work was subject to the requirements of the FLSA and Oregon's state wage and hours laws. Plaintiffs were engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods (e.g. – roofing materials manufactured throughout the United States) moving in interstate commerce. Upon information and belief, Complete Roofing enjoyed a gross income exceeding $500,000 and was an enterprise engaged in commerce.

Page 3 of 15 – Complaint

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

6.

Les Martin (hereinafter referred to as "Martin") is the sole owner of Complete Roofing – a roofing installation company. Upon information and belief, Martin possesses a controlling interest in, and exercises operational control over all aspects of, that entity. In particular, Martin is responsible for creating and implementing the policies and procedures relating to employee compensation. Complete Roofing and Martin are each plaintiff's employer for purposes of the FLSA.

7.

On or around May 1, 2013 until October 9, 2015, Owens was employed by Complete Roofing and Martin as a roofer and compensated on an hourly basis. Whelchel was employed by Complete Roofing and Martin as a roofer and paid on an hourly basis for the periods on or around May 1, 2013 to March 16, 2014; July 1, 2014 to August 29, 2014; and May 22, 2015 to October 9, 2015.

8.

At the beginning of each day, plaintiffs would arrive at Martin's home, load up his truck, and then drive to the customer's worksite. Neither plaintiff were compensated for this time. Similarly, at the end of the day, plaintiffs would load up his truck after clocking out, drive to Martin's residence, and then unload his truck. Like their beginning of the day duties, this work went uncompensated. These two practices resulted in approximately 2.5 hours of unpaid labor per day. When added to the hours for which they were compensated, this sometimes resulted in plaintiffs (one or both) working more than forty hours in a given workweek. Plaintiff Owens'

Page **4** of **15** – Complaint

regular rate of pay was $20.00 per hour, and plaintiff Whelchel's regular rate of pay was $17.00 per hour. Prior to filing suit, each plaintiff complied with the 12-day letter requirement set forth at ORS 652.150, after which the unpaid wages described herein remained unpaid.

## FIRST CLAIM – VIOLATIONS OF FLSA
## Owens against defendants Les Martin & Complete Roofing LLC.
### (Count 1 - Failure to Pay Overtime Compensation)

9.

Owens incorporates and realleges paragraphs 1 through 8 by this reference. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendants willfully violated these provisions when they failed to compensate Owens at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

10.

Pursuant to 29 U.S.C. § 207, Owens is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), Owens is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

Page 5 of 15 – Complaint

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

### (Count 2 - Failure to Pay Minimum Wages)

11.

Owens incorporates and realleges paragraphs 1 through 10 by this reference. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than" $7.25 per hour effective 2009. Martin and Complete Roofing willfully violated this provision when the failed to pay Owens at least minimum wages for all hours worked.

12.

Pursuant to 29 U.S.C. § 206, Owens is entitled to compensation for his unpaid minimum wages, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Owens is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

## SECOND CLAIM – VIOLATIONS OF FLSA
### Whelchel against defendants Martin & Complete Roofing LLC.
### (Count 1 - Failure to Pay Overtime Compensation)

13.

Whelchel incorporates and realleges paragraphs 1 through 12 by this reference. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an

Page **6** of **15** – Complaint

enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendants willfully violated these provisions when they failed to compensate Owens at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

14.

Pursuant to 29 U.S.C. § 207, Whelchel is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), Whelchel is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 2 – Failure to Pay Minimum Wages)**

15.

Whelchel incorporates and realleges paragraphs 1 through 14 by this reference. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than" $7.25 per hour effective 2009. Martin and Complete Roofing willfully violated this provision when the failed to pay Owens at least minimum wages for all hours worked.

Page **7** of **15** – Complaint

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

16.

Pursuant to 29 U.S.C. § 206, Whelchel is entitled to compensation for his unpaid minimum wages, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Whelchel is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

## THIRD CLAIM – STATE OVERTIME VIOLATIONS
### Owens against defendant Complete Roofing LLC.
(Count 1 - Failure to Pay Overtime Compensation)

17.

Owens incorporates and realleges paragraphs 1 through 16 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Defendant Complete Roofing willfully violated these provisions when it failed to compensate plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

18.

Pursuant to ORS 653.261 and OAR 839-020-0030, Owens is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to their reasonable attorney fees and costs.

**(Count 2 - Failure to Pay Minimum Wages)**

19.

Owens incorporates and realleges paragraphs 1 through 18 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003, a rate adjusted for inflation." Oregon minimum wage in 2015 was at the rate of $9.25 per hour, and beginning July 1, 2016, increased to the rate of $9.75 per hour.

20.

Pursuant to ORS 653.025 and 653.055, Owens is entitled to compensation for unpaid minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055(4) and ORS 652.220, he is also entitled to his reasonable attorney fees and costs.

**FOURTH CLAIM – STATE OVERTIME VIOLATIONS**
**Whelchel against defendant Complete Roofing LLC.**

Page **9** of **15** – Complaint

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

### (Count 1 - Failure to Pay Overtime Compensation)

21.

Whelchel incorporates and realleges paragraphs 1 through 20 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Defendant Complete Roofing willfully violated these provisions when it failed to compensate plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

22.

Pursuant to ORS 653.261 and OAR 839-020-0030, Whelchel is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to their reasonable attorney fees and costs.

### (Count 2 - Failure to Pay Minimum Wages)

23.

Whelchel incorporates and realleges paragraphs 1 through 22 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the

Page **10** of **15** – Complaint

employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003, a rate adjusted for inflation." Oregon minimum wage in 2015 was at the rate of $9.25 per hour, and beginning July 1, 2016, increased to the rate of $9.75 per hour.

24.

Pursuant to ORS 653.025 and 653.055, Whelchel is entitled to compensation for unpaid minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055(4) and ORS 652.220, he is also entitled to his reasonable attorney fees and costs.

## FIFTH CLAIM – VIOLATION OF ORS 652.140

### Owens against defendant Complete Roofing LLC

(Failure to Pay Wages Upon Termination of Employment)

25.

Owens incorporates and realleges paragraphs 1 through 24 by this reference. Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

Page **11** of **15** – Complaint

25.

At the time of the termination of his employment with defendant, Owens was owed unpaid overtime and minimum wage compensation under the FLSA and the Oregon wage-and-hour laws referenced herein.  That compensation was not timely paid upon termination of his employment as required under ORS 652.140 and ORS 652.150.

26.

Pursuant to ORS 652.140 and ORS 652.150, Owens is entitled to payment of unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial.  Pursuant to ORS 652.200, plaintiffs are also entitled to their reasonable costs and attorney fees.

## SIXTH CLAIM – VIOLATION OF ORS 652.140

### Whelchel against defendant Complete Roofing LLC

**(Failure to Pay Wages Upon Termination of Employment)**

27.

Whelchel incorporates and realleges paragraphs 1 through 26 by this reference.  Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment.  Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

28.

Page **12** of **15** – Complaint

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

At the time of the termination of his employment with defendant, Whelchel was owed unpaid overtime and minimum wage compensation under the FLSA and the Oregon wage-and-hour laws referenced herein. That compensation was not timely paid upon termination of his employment as required under ORS 652.140 and ORS 652.150.

29.

Pursuant to ORS 652.140 and ORS 652.150, Whelchel is entitled to payment of unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial. Pursuant to ORS 652.200, plaintiffs are also entitled to their reasonable costs and attorney fees.

WHEREFORE, Plaintiffs demand the following for his claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief – Owens against defendants Les Martin; Complete Roofing LLC.
   A. Count 1 - Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).
   B. Count 2 – Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).
2. Second Claim for Relief – Whelchel against defendants Les Martin; Complete Roofing LLC.
   A. Count 1 - Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

  B. Count 2 – Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

3. Third Claim for Relief – Owens against defendant Complete Roofing LLC.

  A. Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

  B. Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

4. Fourth Claim for Relief – Whelchel against defendant Complete Roofing LLC.

  A. Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, and in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

  B. Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

5. Fifth Claim for Relief – Owens against defendant Complete Roofing LLC.

Page 14 of 15 – Complaint

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

   A. Unpaid wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs, pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

6. Sixth Claim for Relief – Whelchel against defendant Complete Roofing LLC.

   A. Unpaid wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs, pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

DATED this 20th day of December, 2016.

/s/ Jon Weiner
Jon Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, P.C., *Of Counsel*
1415 Commercial Street SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

Page **15** of **15** – Complaint

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745